1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JORGE PALACIOS,                             Case No.  2:25-cv-0114-JDP (P)

12                         Plaintiff,

13             v.                                  ORDER

14    W. VAUGHN, *et al.*,

15                         Defendants.

16

17

18         Plaintiff, a state inmate proceeding pro se, brings this § 1983 action against defendants W.

19    Vaughn, Deepthi Sursupui, and E. Pedersen, alleging that they violated his constitutional rights

20    by not transferring him to a prison with better medical facilities.  ECF No. 15.  Plaintiff fails to

21    state a cognizable § 1983 claim.  Plaintiff may, if he chooses, file an amended complaint that

22    addresses the deficiencies noted herein.  I will grant his most recent application to proceed *in*

23    *forma pauperis*, ECF No. 18, and deny his previous application, ECF No. 16, as moot.

24                    **Screening and Pleading Requirements**

25         A federal court must screen the complaint of any claimant seeking permission to proceed

26    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

27    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

28

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2  relief.  *Id.*

3         A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                          **Analysis**

21         Plaintiff alleges that he has serious medical conditions, that his current institution, Mule

22  Creek Prison ("MCSP"), does not have satisfactory medical care facilities, and that he is likely to

23  be infected by another inmate due to the lack of cleanliness at MCSP.  ECF No. 15 at 3-4.

24  Plaintiff seeks to be transferred to California Men's Colony-East.  *Id.*

25         Plaintiff's allegations fail to state a cognizable § 1983 claim.  It is well-established that

26  prisoners have no constitutional right to incarceration in any particular institution.  *See Olim v.*

27  *Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Rizzo v.*

28  *Dawson*, 778 F.2d 527, 530 (9th Cir. 1985).  Prison officials have broad authority to transfer

1    prisoners from one facility to another.  *See Olim*, 461 U.S. at, 245-46; *Meachum*, 427 U.S. at 225;

2    *see also Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (finding that state prison

3    officials were not liable to a prisoner-plaintiff under § 1983 for failing to transfer him to a special

4    housing unit in a medical facility).

5        Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  Out of an

6    abundance of caution and considering plaintiff's pro se status, I will allow plaintiff another

7    opportunity to amend his complaint before recommending that this action be dismissed.  If

8    plaintiff decides to file an amended complaint, the amended complaint will supersede the current

9    one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means

10   that the amended complaint will need to be complete on its face without reference to the prior

11   pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no

12   longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will

13   need to assert each claim and allege each defendant's involvement in sufficient detail.  The

14   amended complaint should be titled "First Amended Complaint" and refer to the appropriate case

15   number.  If plaintiff does not file an amended complaint, I will recommend that this action be

16   dismissed.

17       Accordingly, it is hereby ORDERED that:

18       1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 18, is GRANTED

19   and his prior application, ECF No. 16, is DENIED as moot.

20       2.  Plaintiff's complaint, ECF No. 15, is DISMISSED with leave to amend.

21       3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

22   complaint or (2) notice of voluntary dismissal of this action without prejudice.

23       4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

24   result in the imposition of sanctions, including a recommendation that this action be dismissed

25   with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

26       5.  The Clerk of Court shall send plaintiff a complaint form with this order.

27

28

IT IS SO ORDERED.

Dated:    May 16, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE