UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PALACIOS,<br><br>        Plaintiff,<br><br>    v.<br><br>W. VAUGHN, *et al.*,<br><br>        Defendants. | Case No. 2:25-cv-0114-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

      Plaintiff, a state inmate proceeding pro se, brings this § 1983 action against defendants W. Vaughn, Deepthi Sursupui, and E. Pedersen, alleging that they violated his constitutional rights, the Americans with Disabilities Act, and the Rehabilitation Act by not transferring him to a prison with better medical facilities. ECF No. 22. The allegations do not give rise to a viable claim and, having already afforded plaintiff an opportunity to amend, I now recommend that this action be dismissed without leave to amend.

**Screening and Pleading Requirements**

      A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As in his prior complaint, plaintiff alleges that he has numerous serious medical conditions and that his current institution, Mule Creek Prison ("MCSP"), is not equipped to handle them. ECF No. 22 at 3-5. As relief, plaintiff seeks to be transferred back to California Men's Colony-East, where, he alleges, the medical treatment facilities, resources, and providers are better. *Id.*

Plaintiff's allegations fail to state a cognizable § 1983 claim. It is well-established that prisoners have no constitutional right to incarceration in any particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Rizzo v.*

1  *Dawson*, 778 F.2d 527, 530 (9th Cir. 1985).  Prison officials have broad authority to transfer
2  prisoners from one facility to another.  *See Olim*, 461 U.S. at, 245-46; *Meachum*, 427 U.S. at 225;
3  *see also Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (finding that state prison
4  officials were not liable to a prisoner-plaintiff under § 1983 for failing to transfer him to a special
5  housing unit in a medical facility).  Courts have also concluded that mere fact that a prisoner-
6  plaintiff was being housed at one facility where the plaintiff was at a heighten risks of suffering
7  from certain diseases due to his medical conditions and prison officials would not transfer him to
8  a different institution fails to state a cognizable § 1983 claim.  *See Gilbert v. Yates*, No. 1:09cv-
9  2050-AWI-DLB, 2010 WL 5113116, at *3 (E.D. Cal. Dec. 9, 2010), *subsequently aff'd*, 479 F.
10 App'x 93 (9th Cir. 2012); *see also Dorsey v. Tilton*, No. 08-cv-0919-JAH (JMA), 2009 WL
11 5030642, at *9 (E.D. Cal. Dec. 16, 2009); *King v. Avenal State Prison*, No. 1:07-cv-01283-AWI-
12 GSA (P), 2009 WL 546212, at *4 (E.D. Cal. Mar. 4, 2009).

13    Plaintiff also suggests that defendants are violating the ADA and RA by not transferring
14 him to a prison with better medical care.  ECF No. 22 at 3.  The treatment, or lack of treatment,
15 provided for a plaintiff's medical condition does not provide a basis upon which to impose
16 liability under the RA or the ADA.  *See Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir. 2005)
17 (medical treatment decisions not a basis for RA or ADA claims); *Schiavo ex rel. Schindler v.*
18 *Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment
19 decisions); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir .2005) (medical
20 decisions not ordinarily within scope of ADA or RA).  Accordingly, plaintiff cannot state claims
21 for violation of the ADA or RA.

22    Plaintiff has already been afforded an opportunity to amend and is no closer to stating a
23 cognizable claim.  Thus, I find it appropriate to recommend dismissal this action without leave to
24 amend.

25    Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this
26 action.

27    Further, it is RECOMMENDED that the first amended complaint, ECF No. 22, be
28 DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 18, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE